# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAWARE VALLEY SCHOOL DISTRICT,** Plaintiff | No. 3:08cv1385 |
| v. | (Judge Munley) |
| **P.W., by and through his parents JAMES and PATRICIA W., and PENNSYLVANIA DEPARTMENT OF EDUCATION,** Defendants | |

## MEMORANDUM

Before the court for disposition are two motions to dismiss filed by Defendant Pennsylvania Department of Education. The first motion seeks dismissal of the complaint filed by Plaintiff Delaware Valley School District, and the second motion seeks dismissal of the counterclaim filed by Defendants/Counterclaim Plaintiffs P. W., by and through his parents James and Patricia W. The motions have been fully briefed and are ripe for disposition.

**Background**

Plaintiff Delaware Valley is a public school district organized under the Pennsylvania Public School Code of 1949 (Doc. 1, Compl. ¶ 1). Defendant P.W. is a student residing in the Delaware Valley School District (hereinafter "DVSD"). (Id. at ¶ 2). Defendants James and Patricia W. are P.W.'s parents. (Id. at ¶3). Defendant Pennsylvania Department of Education (hereinafter "PDE") is a governmental entity and a state educational agency as defined by the Individuals with Disabilities Education Act. ("IDEA"), 20 U.S.C. § 1041(32) (Compl. ¶ 4).

P.W. is eligible for special education services as a student with mental retardation and autism. (Id. at ¶8). Pursuant to the IDEA, DVSD developed individual educational plans (hereinafter " IEPs") to ensure that

plaintiff received free and appropriate public education (hereinafter "FAPE"). P.W.'s parents were not satisfied with the IEP's developed by the school for him and requested a "due process hearing" with regard to the 2005/2006 school year as well as the 2006/2007 school year. (Id. at ¶¶ 34-35). Eight hearings were subsequently held. (Id. at ¶ 36). The hearing officer awarded P.W. 360 hours of compensatory education for math instruction, 27 hours of compensatory education for social skills/pragmatic language and 72 hours of compensatory education for behavior support. (Id. at ¶ 37). The parents had sought many more hours of compensatory education. Both the parents and the school district appealed the decision of the hearing officer to the Special Education Appeals Panel ("Appeals Panel"). (Id. at ¶¶ 37-38). The Appeals Panel affirmed the twenty-seven (27) hours of compensatory education for social skills/pragmatic language. It decreased the compensatory award for math instruction to 252 hours and increased the amount of compensatory education for behavior support to 720 hours. (Id. at ¶ 39).

The school district now appeals the decision of the Appeals Panel to this court pursuant to 20 U.S.C. § 1415(i)(2); 35 C.F.R. § 300.516(a). (Id. at ¶ 42).

The complaint is comprised of three counts. The first count is the appeal of the award of the Appeals Panel. The second count seeks indemnification from the PDE, and the third count seeks contribution from the PDE.

In response to the complaints, Defendant P.W. filed an answer and a crossclaim against PDE. (Doc. 4). The crossclaim contains the following four (4) counts: 1) violation of IDEA; 2) disability discrimination in violation

of the Americans with Disabilities Act ("ADA" and 42 U.S.C. § 1983; 3) disability discrimination in violation of Section 504 of the Rehabilitation Act, 42 U.S.C. 12132; and 4) reimbursement of attorney fees under IDEA, Section 504 and 42 U.S.C. § 1988.

Defendant PDE has moved to dismiss both the plaintiff's complaint and Defendant P.W.'s crossclaim pursuant to Federal Rules of Civil Procedure 12(b)1; 12(b)4; 12(b)5 and 12(b)6, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to federal statutes, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Initially, we will provide a brief overview of the various statutes invoked by the plaintiff and the crossclaim plaintiffs. As noted above, plaintiffs have brought suit pursuant to the IDEA. The purpose of the IDEA

is to "assure that all handicapped children have available to them ... a free appropriate public education." 20 U.S.C. § 1400(c). In order to receive federal funding to aid in the education of the disabled, states must provide programs that comply with IDEA requirements. 20 U.S.C. § 1412. Included in the requirements is that the state must have in effect "a policy that assures all children with disabilities the right to a free appropriate public education." 20 U.S.C. § 1412(1).

The congressional goal of providing a free appropriate education is implemented through the use of an IEP, which is developed for each disabled child. 20 U.S.C. § 1412(4). The IEP is developed by the parents, representatives of the school and where appropriate, the disabled child. 20 U.S.C. § 1414(b). It sets out "the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives." Honig v. Doe, 484 U.S. 305, 311 (1988). A yearly review of the IEP is performed to determine if any revisions are necessary to provide a free and appropriate education to each child's unique needs. Id.

The student's crossclaim also involves a claim made pursuant to section 504 of the Rehabilitation Act, 29 U.S.C. § 729 (hereinafter "section 504" or "RA"). This statute prohibits discrimination against the disabled in federally funded programs. Specifically, the law provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

29 U.S.C. § 794(a).

The IDEA and section 504 provide equivalent requirements. The IDEA, provides an affirmative duty to provide education, whereas the RA prohibits discrimination against the disabled. W.B. v. Matula, 67 F.3d 484, 492-93 (3d Cir.1995).

The third act involved in the crossclaim is the ADA. Like section 504, the ADA prohibits discrimination against the disabled.

The final statutory claim made by the student is filed pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983"). Section 1983 is not a source of substantive rights, but is rather, a means to redress deprivation by state officials of rights secured by the United States Constitution or certain federal statutes. W.B., 67 F.3d at 493. Section 1983 may be used to remedy a violation of the IDEA. Id. at 494.

Bearing these various statutes in mind, we will now address the issues raised in Defendant PDE's motions. We will discuss the motion to dismiss the complaint and the motion to dismiss the crossclaim separately.

### I. Motion to Dismiss the complaint

PDE's motion to dismiss raises four issues. First, PDE claims that Count I should be dismissed as against it, because it is an appeal of the Appeal Panels decision, and PDE is not a proper party to such an appeal. In its response to the motion to dismiss, DVSD clarifies that it does not intend PDE to be a party to Count I. Accordingly, to the extent that Count I can be interpreted as against PDE, the motion to dismiss will be granted as unopposed.

Next, Defendant PDE attacks Counts II and III of the complaint that seek contribution and indemnification from PDE. PDE raises several

bases for the dismissal of these counts, but we will only address one as it is dispositive of the issue and deals with the plaintiffs' standing. PDE argues that these counts should be dismissed based upon the precedent of Lawrence Twp. Bd. of Educ. v. New Jersey, 417 F.3d 368 (3d Cir. 2005). After a careful review, we agree.

In Lawrence, the Board of Education of Lawrence Township, New Jersey, sued to have the New Jersey Division of Development Disabilities assume the cost of placing a child in a residential facility under the IDEA. Id. at 369-70. The Board of Education argued that the state is "ultimately responsible for fulfilling the requirements of the IDEA[.]" Id. 370. The Third Circuit Court of Appeals examined the text of the IDEA and concluded that the only private cause of action established under IDEA is provided to disabled children and their parents. Id. Local schools simply do not have standing. Id. Accordingly, in the instant case, DVSD does not have standing to bring a cause of action against PDE.

DVSD argues that it is merely seeking to hold PDE responsible for its affirmative role in the denial of FAPE as PDE is obligated to do under IDEA. IDEA does not prohibit such an action according to plaintiff, and therefore, this action should proceed. We disagree. As set forth above, the Third Circuit Court of Appeals has held that the only people with standing to bring an action under IDEA are disabled children and their parents. The instant plaintiff is a school district, therefore, it has no standing to bring suit under IDEA. Plaintiff seeks to distinguish Lawrence by asserting that in this case PDE took an active role in developing the child's educational plan as opposed to Lawrence where the state agency did not. While it is true that Lawrence did not involve a question of which

6

entity was responsible for the education plan, that fact alone does not establish standing for plaintiff in the instant case.

Accordingly, PDE's motion to dismiss Counts II and III of the complaint will be granted.

## II. Motion to dismiss the crossclaim

Defendant PDE has also moved to dismiss the crossclaim filed by Defendant P.W., by and through his parents James and Patricia W (hereinafter "P.W." or "plaintiff"[1]). As noted above, the crossclaim contains the following claims asserted against Defendant PDE: 1) violation of IDEA; 2) disability discrimination in violation of the Americans with Disabilities Act ("ADA" and 42 U.S.C. § 1983; 3) disability discrimination in violation of Section 504 of the Rehabilitation Act, 42 U.S.C. 12132; and 4) reimbursement of attorney fees under IDEA, Section 504 and 42 U.S.C. § 1988.

## A. Failure to properly serve

First, PDE argues that the filing by PW is not actually a crossclaim but a complaint, and that P.W. has an obligation to serve this complaint. We are unconvinced.

The law provides that:

"A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action[.]" FED. R. CIV. PRO. 13(g). The disputed filing in the instant case clearly arises out of the same transaction or occurrence that is the subject matter of the original action. Therefore, it

---

[1]We recognize the PW is not the plaintiff of the case, but as to the PDE, PW is the crossclaim plaintiff.

7

is properly deemed a crossclaim. Neither this rule, nor any other rule provides for any special service or summons to be delivered with the filing of a crossclaim. We will thus deny the motion to dismiss on the claim that the crossclaim was not properly served.

### B. Eleventh Amendment Immunity

PDE next argues that the section 1983 claim and the ADA claim should be dismissed because of Eleventh Amendment Immunity.

The Eleventh Amendment bars suit against a state in federal court. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58. This immunity extends to arms of the state that have no existence apart from the state. Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir.1981). Congress may abrogate this immunity if it unequivocally expresses its intent to do so. Seminole Tribe, 517 U.S. at 55

In the instant case, Defendant PDE is a Pennsylvania agency that has no existence apart from the state. The Supreme Court has held that a state agency may not be sued under section 1983 or the ADA as Congress did not abrogate Eleventh Amendment immunity when it enacted either statute. See Quern v. Jordan, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 373-74 (2001). Moreover, Pennsylvania, by statute, has explicitly reserved its right to immunity from suit in federal court. See 42 PA. CONS. STAT. ANN. § 8521(b). Accordingly, plaintiffs' section 1983 and ADA claims will be dismissed.

### C. Rehabilitation Act

Crossclaim plaintiffs also bring a claim under the Rehabilitation Act (hereinafter "RA"). PDE argues that this claim should be dismissed because the complaint fails to allege that P.W. was discriminated against

8

because of any disability. We disagree.

The Third Circuit Court of Appeals has held that the elements a plaintiff must establish to prove an RA claim in the area of education of individuals with disabilities are:

"(1) he is 'disabled' as defined by the Act; (2) he is 'otherwise qualified' to participate in school activities; (3) the school or the board of education receives federal financial assistance; and (4) he was excluded from participation in, denied the benefits of, or subject to discrimination at, the school." <u>Andrew M. v. Delaware Count Office of Mental Health and Mental Retardation</u>, 490 F.3d 337, 350 (3d Cir. 2007)(quoting <u>Ridgewood Board of Education v. N.E.</u>, 172 F.3d 238, 253 (3d Cir.1997)).

We find the defendant's argument to be unpersuasive. Even if the crossclaim does not specifically allege "discrimination" it certainly avers that P.W. was denied FAPE. This assertion meets the requirement that the plaintiff establish that "he was excluded from participation in, denied the benefits of. . . the school." The Third Circuit has explained that: "when a state fails to provide a disabled child with a free and appropriate education, it violates the IDEA. However, it also violates the RA because it is denying a disabled child a guaranteed education merely because of the child's disability." <u>Id.</u>

Accordingly, PDE's motion to dismiss the crossclaim with regard to the RA will be denied.

**D. IDEA**

PDE also seeks dismissal of plaintiff's claim with regard to the IDEA. PDE argues that this claim is merely an appeal of the Appeals Panel, which is untimely, and PDE was not a party before the Appeals Panel anyway and would be an inappropriate party here. Further, PDE argues

9

that PW's claim is time barred. After a careful review, we find no merit to PDE's argument.

IDEA requires that a State Education Agency ("SEA") such as PDE must ensure that the IDEA's regulations are carried out and:

> That each educational program for children with disabilities administered within the State, including each program administered by any other State or local agency . . .
> (i) Is under the general supervision of the persons responsible for educational programs for children with disabilities in the SEA; and
> (ii) Meets the educational standards of the SEA (including the requirements of this part) . . .
> (b) The State must have in effect polices and procedures to ensure that it complies with the monitoring and enforcement requirements . . .

34 C.F.R. 300.149.

Although plaintiff's crossclaim does not specifically cite to this portion of the law, the assertions of the count reveal that this section is asserted. The complaint avers that PDE "failed to ensure compliance, monitoring and enforcement policies of the IDEA from the beginning of the 2005-2006 school year to present, resulting in the denial of FAPE to P.W." (Doc. 4, ¶ 25). Accordingly, the count is more than an appeal of the Appeals Panel decision, and it would be improper to dismiss the count at this time.

**E. Attorneys fees**

Finally, PDE argues that the claim for attorney's fees should be dismissed from the crossclaim. PDE's argument is that PW's substantive claims should be dismissed; therefore, the claim for attorney's fees should also be dismissed as it is based on the same statutes as the substantive claims.

We will not grant the motion on those grounds as we have concluded that it is inappropriate to dismiss the IDEA and RA claims.

Alternatively, PDE claims that PW seeks attorneys fees for the

administrative hearings that have been held. PDE asserts that it was not a party to these hearings and therefore cannot be held liable for attorneys fees associated with them. We find it premature to dismiss the attorneys fees claim on this claim. We will thus deny the motion to dismiss on this issue without prejudice to PDE raising the issue again in a motion for summary judgment.

**Conclusion**

Accordingly, we will dismiss PDE from the complaint. With regard to the crossclaim, we will grant the motion to dismiss with regard to the Section 1983 claim and ADA claim, but deny it with regard to the IDEA claim, RA claim and attorney's fee claim. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DELAWARE VALLEY SCHOOL DISTRICT,**<br>Plaintiff<br><br>v.<br><br>**PATRICK W., by and through his parents JAMES and PATRICIA W., and PENNSYLVANIA DEPARTMENT OF EDUCATION,**<br>Defendants | No. 3:08cv1385<br><br>(Judge Munley) |

## ORDER

    **AND NOW**, to wit, this 5th day of May 2009, Defendant Pennsylvania Department of Education's motion to dismiss Delaware Valley School District's (Doc. 7) complaint is hereby **GRANTED**. Defendant Pennsylvania Department of Education's motion to dismiss Patrick W.'s crossclaim (Doc. 9) is **GRANTED** with respect to the section 1983 and ADA claim, but **DENIED** with respect to the Rehabilitation Act claim, the IDEA claim and the attorney's fee claim.

                                            **BY THE COURT:**

                                            **s/ James M. Munley**
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**